facts from which such due care could be reasonably inferred, and hold that, while, without a specific averment of such due care, or averments of fact from which such due care can be reasonably inferred, a declaration does not state a cause of action and is not cured by a verdict, yet where such averments are made, although defectively, it is sufficient after a verdict. See also *Kelleher v. Chicago City Ry. Co.*, 256 Ill. 454.

The declaration in the case at bar with respect to the care exercised by appellee contains the averment "* * * while the plaintiff who was then and there a minor, was, with all due care and diligence, then and there riding in a certain wagon * * * ". No case has been cited and we believe none can be found holding that such an averment is even defective. It certainly was sufficient when issue was joined on it to put appellee to proof of the exercise by him of such due care and caution for his own safety, in regard to the circumstances under which he was injured, as would entitle him to a verdict, and was sufficient after a verdict to warrant a judgment thereon.

Finding no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*

---

**Harley Meek, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.**

**Gen. No. 18,321.    (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Dismissed. Opinion filed November 21, 1913.

## Statement of the Case.

Action by Harley Meek, a minor, by Mattie Gerbaum, his mother and next friend, against the Chicago Railways Company, a corporation, to recover damages for personal injuries. During the pendency of defendant's appeal from a judgment for ten thousand dollars (Gen. No. 18,034, *ante*, p. 256), plaintiff brings error to test correctness of orders as to filing a bill of exceptions.

Roy D. KEEHN, for plaintiff in error.

FRANK L. KRIETE and WILLIAM H. SYMMES, for defendant in error; JOHN R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 12*—*when writ of error is affected by appeal.* Where orders as to the filing of a bill of exceptions sought to be reviewed by a writ of error were properly involved in and were considered and disposed of in the same case on appeal, the writ of error will be dismissed.

---

## Philipp Werner, Defendant in Error, v. Henry Wietor and Nicholas J. Wietor, copartners, Plaintiffs in Error.

### Gen. No. 18,039.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 21, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.